IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

The UNITED STATES OF AMERICA :
f/u/b/o :
KMN SHEET METAL, INC. :
t/a KMN MECHANICAL :
7214-A Lockport Place :
Lorton, VA 22079 :
 :
    Use Plaintiff/Plaintiff :
 :
v. : Civil Action No. _____
 :
NORTH AMERICAN SPECIALTY INSURANCE :
COMPANY :
Serve: Any Authorized Agent :
650 Elm Street :
Manchester, NH 03101 :
 :
    Defendant :

## MILLER ACT COMPLAINT

Use Plaintiff/Plaintiff, KMN Sheet Metal, Inc. t/a KMN Mechanical ("KMN""), by and through its counsel, Richard M. Sissman and the law firm of Fracassi Mahdavi Sissman & Rand LLP, sues Defendant, North American Specialty Insurance Company ("Surety") and alleges the following:

### I. INTRODUCTION PARTIES AND JURISDICTION

1. Plaintiff, KMN, is a foreign corporation from the Commonwealth of Virginia.

2. Upon information and belief, Surety is foreign insurance company that is authorized to conduct business in the District of Columbia.

3. KMN and Persaud Companies, Inc. ("Persaud"), acting as general contractor, entered into a written Subcontract Agreement dated August 4, 2011, a copy of which is attached hereto Exhibit "A." The project that is subject of this dispute

is known as Veteran's Medical Center located at 50 Irving Street N.W. Washington D.C. 20422. KMN's work was for the construction of a Siemens Split System ("Project").

4. A Payment Bond was issued by Persaud as Principal with North American Specialty Insurance Company as Surety upon Payment Bond ("Bond") No. 2091583 in the penal sum of $1,428,034.37. A copy of the Bond is attached hereto as Exhibit "B."

5. KMN was acting as a first tier subcontractor under the Bond that was executed and delivered to The United States of America, as Obligee, for the protection of all parties supplying labor and/or material in the prosecution of the work provided upon the Project.

6. At all times relevant to this Suit, Surety transacted business in the District of Columbia and was obligated to perform as a Surety pursuant to the Bond executed for the Project. This matter is brought pursuant to the Miller Act ("Act"). The jurisdiction of the Court is pursuant to the Act's provisions codified at 40 U.S.C. §3131 et seq.

## II. FACTUAL ALLEGATIONS

7. The allegations set forth and contained in paragraphs 1 through 6 are realleged and incorporated by reference as if fully set forth herein.

8. KMN, entered into a Subcontract with Persaud to supply labor and materials to be used in the prosecution of the work upon the Project.

9. KMN had provided labor and materials with a base contract of $29,000.00 with one change order of $1,691.00 to furnish and install four air devices for a total balance of $30,691.00 with one payment received of $1,691.00 leaving an unpaid past due amount of $29,000.00.

10. On or about August 22, 2012, via certified mail return receipt requested, KMN provided written Notice to Persaud and the Surety in accordance with 40 USC §3133 et seq. making demand for payment in the amount of $29,000.00 for labor and materials used in the prosecution of the work upon the Project. A copy of the Notice and its proof of service via certified mail return receipt requested to Persaud and Surety are collectively attached hereto as Exhibit "C."

11. Demand was made upon the Surety for payment who has failed and/or refused to forward the aforementioned sum to KMN. The current demand due and owing to KMN is $29,000.00. Copies of Invoices reflecting the outstanding balance due at this time for labor and materials used in the prosecution of the work upon the Project are collectively attached hereto as Exhibit "D."

### III. CLAIM FOR RELIEF
(Action on Bond Payment)

12. The allegations set forth and contained in paragraphs 1 through 11 are realleged and incorporated by reference as if fully set forth herein.

13. KMN, is a first tier subcontractor under the Bond that was executed and delivered to The United States for the protection of all parties supplying labor and/or material in the prosecution of the work provided for at the Project.

14. In accordance with the Miller Act, notification was provided to Surety and Persaud. KMN had contractual privity with the Principal, Persaud.

15. The last day of performance of labor and delivery of materials provided by KMN to the Project was on or about January 25, 2012.

16. All other necessary precedent conditions for the maintenance of the Suit have been performed or have occurred and the Suit is brought within one year from the last day of delivery of material and providing of labor by KMN that was used in the prosecution of the work upon the Project and this Suit has been brought in a timely manner pursuant to the Act.

17. The Suit has been brought after 90 days from the last day that materials were delivered and/or labor provided and used in the prosecution of the Project and before the expiration of one (1) year from the last date that said services were used in the prosecution of the work at the Project.

WHEREFORE, The United States of America for use and benefit of KMN demands judgment against North American Specialty Insurance Company, Surety in the amount of $29,000.00, statutory interest from the date of default, costs of Court and for any other relief this Court deems just and necessary.

Respectfully submitted,
/s/ Richard M. Sissman
Richard M. Sissman, Esquire   DC Bar No. 407146
Fracassi Mahdavi Sissman & Rand LLP
600 Jefferson Plaza, Suite 308
Rockville, MD 20852
301-762-0402(phone)
301-762-3027(facsimile)
rsissmanesq@hiscom
Counsel for Use Plaintiff/Plaintiff

R:\Shares\docs\K\KMN\PERSAUD\bondsuitTwo.wpd